No. 2369.

GULF, COLORADO & SANTA FE RAILWAY COMPANY
*v.* MRS. MILLIE WHEAT.

1. CITATION.—A citation to a defendant which requires him to appear at the next regular term of the court, and on the Monday in the month designated by law for the term to begin, is sufficient, without specifying more particularly the day of the month.
2. CONTINUANCE.—See opinion for facts which, upon motion for continuance of a cause, were held insufficient to show due diligence.
3. SAME.—One who fails to avail himself of the means which the law furnishes to procure evidence can not be said to have used due diligence.
4. TENANTS IN COMMON.—When, by agreement between tenants in common, one has the exclusive use and possession of a part of the common property, while the other has like use of other lands thus owned, either may recover for an injury done to the property to which he has right of such exclusive use or occupation.

APPEAL from Fort Bend. Tried below before the Hon. Wm. H. Burkhart.

Suit brought by Mrs. Millie Wheat as survivor of the community estate of herself and her deceased husband, James B. Wheat, against the Gulf, Colorado & Santa Fe Railway Company for damages alleged to have been sustained by plaintiff by the burning of the grass on her pasture lands situated adjacent to appellant's track in Fort Bend county, Texas.

The petition alleged that the fire was caused by sparks and coals of fire which were negligently permitted to escape from one of appellant's passing engines, and setting on fire the dry weeds and grass which had accumulated on appellant's right of way, from which the fire immediately spread to and consumed plaintiff's grass. The fire is alleged to have occurred on December 15, 1885.

The appellant answered by a general demurrer and a general denial, and pleaded specially that all of its engines and locomotives were supplied and equipped with the best and most approved appliances for preventing the escape of sparks; that its engines prevented the escape of sparks; that its engines and locomotives were all carefully operated and managed at the point

where plaintiff alleged that the fire occurred, and at the date and before and after the date when said fire is charged to have occurred.

The charge complained of defined negligence, in requiring that before the defendant could be held liable the jury must believe, not only that defendant permitted weeds and grass to grow upon its right of way, and allowed sparks to escape and set fire to such grass, but also, that in so doing, defendant "did not use that degree of care and prudence which a reasonably careful and prudent person would use under like circumstances, having reference to the safety of plaintiff's grass along the railroad route where defendant's trains and engines were operated."

The charges given at defendant's request instructed that, allowing such weeds and grass to grow and remain on the right of way was not of itself negligence, and that the plaintiff had the burden not only of proving negligence by the defendant, but, also, the kind of negligence alleged. The court also charged, at the request of defendant, that, in order to find for plaintiff, the jury must believe that defendant "negligently and carelessly set fire to * * * plaintiff's grass." These were the charges asked by defendant upon the question of negligence or want of care on defendant's part. Plaintiff's land was located adjacent to defendant's right of way.

*Jones & Garnett*, for appellant, on their proposition that both the original and amended motion were good and set forth "sufficient cause for a continuance," and the application should have been granted, it being defendant's first application and was in strict compliance with the statute and disclosed due diligence, they cited Revised Statutes, articles 1276 and 1277; Hipp v. Bissell, 3 Texas, 18; Prewitt v. Everett, 10 Texas, 283; Johnson v. Evans, 15 Texas, 40; McMahan v. Busby, 29 Texas, 195; Parker v. Leman, 10 Texas, 117; Lewis v. Williams, 15 Texas, 42.

On their proposition that the application for a continuance having been made after the trial had commenced, and being based on the ground of surprise, was addressed to the discretion of the court, not to the arbitrary, but to the sound legal discretion of the court, and the application set forth such facts and equities as entitled the appellant to the continuance sought, and its refusal by the court was an abuse of such discretionary powers, they cited Young v. Gibson, 2 Texas, 418; Hipp v. Bissell, 3 Texas, 18, and authorities there cited; Prewitt v. Everett, 10

Texas, 283; Trammel v. Pilgrim, 20 Texas, 160; Byne v. Jackson, 25 Texas, 96; McMahan v. Busby, 29 Texas, 194, 195; Chilson v. Reeves, 29 Texas, 279, 280; Railway Company v. Henning, 52 Texas, 471, 472; Grigsby v. May, 57 Texas, 255–258; Burrow v. Brown, 59 Texas, 459; Texas & Pacific Railway Company v. Hardin, 62 Texas, 367.

On their proposition that there was error in the charge of the court, they cited Rogers v. Broadnax, 24 Texas, 543; Thomas v. Ingram, 20 Texas, 728; Thompson v. Shannon, 9 Texas, 537; Hatch v. De La Garza, 22 Texas, 187; Love v. Wyatt, 19 Texas, 312; Kimbro v. Hamilton, 28 Texas, 566; Garner v. McGowan, 27 Texas, 490; Andrews v. Marshall, 25 Texas, 215; Frisby v. Withers, 61 Texas, 134; Galveston, Harrisburg & San Antonio Railway Company v. Davidson, 61 Texas, 204.

On their proposition that, it being shown by plaintiff's evidence that she acquired title to two hundred and seventy-two acres of land on which it was alleged the grass was burned, after her husband's death, and the suit being brought by her as survivor of the community of herself and husband, the two hundred and seventy-two acres constituted no part of the community, and she was not entitled to recover for damages thereto, and that the verdict and judgment was excessive to the extent of whatever amount is found as damage to the two hundred and seventy-two acres, they cited Revised Statutes, articles 2172, 2464, 1852; Holliman v. Rogers, 6 Texas, 97; East Texas Fire Insurance Company v. Coffee, 61 Texas, 289; Barbour on Parties, section 12, pages 80, 18

*Peareson & McCamly,* for appellee:   That the citation was sufficient, they cited Revised Statutes, articles 1215, 1443; Cave v. City of Houston, 65 Texas, 621.

That the motion for continuance was properly overruled, they cited Revised Statutes, article 1277; International & Great Northern Railroad v. Ragsdale, Southwestern Reporter, volume 2, No. 7, page 516; Parker v. Campbell, 21 Texas, 763; Parker v. McKelvain, 17 Texas, 160; Conner v. Sampson, 22 Texas, 20; McMahan v. Busby, 29 Texas, 191; Lewis v. Williams, 15 Texas, 47; Watson v. Blymer Manufacturing Company, 6 Texas Law Reporter, 635; Price v. Lauve, 49 Texas, 81; Sapp v. King & Davidson, 6 Texas Law Reporter, No. 38, page 576; Hunt v. Makemson, 56 Texas, 12; Wiggins v. Fleishel, 50 Texas, 64; Allyn & Co. v. Willis & Bro., 65 Texas, 70.

That the plaintiff's interest and possession were of such character as to enable her to maintain the suit, they cited Revised Statutes, article 2852; Carter & Rust v. Connor, 60 Texas, 55, 56, 58, 60; 2 Greenleaf on Evidence, section 616; Wait's Actions and Defenses, volume 4, page 177; International & Great Northern Railroad Company v. Timmermann, 61 Texas, 662.

That the charge of the court presented correctly the law of the case, they cited Texas & Pacific Railway Company v. Medaris, 64 Texas, 92–94; International & Great Northern Railroad Company v. Cocke, 64 Texas, 158; Gulf, Colorado & Santa Fe Railway Company v. Lowe, 5 Texas Law Reporter, No. 17, pages 256, 257; Fort Worth & Denver Railroad Company v. Ratliffe, 5 Texas Law Reporter, No. 39, pages 600, 601; Gulf, Colorado & Santa Fe Railway Company v. Fields, 5 Texas Law Reporter, No. 39, page 608; Cooley on Torts, page 92; Continental Insurance Company v. Pruitt, 65 Texas, 130; Liverpool, London & Globe Insurance Company v. Ende, 65 Texas, 124; Hedgepeth v. Robertson, 18 Texas, 871; Wintz v. Morrison, 17 Texas, 387; International & Great Northern Railroad Company v. Stewart, 57 Texas, 170.

STAYTON, ASSOCIATE JUSTICE. The fall term of the district court of Fort Bend county is required by law to commence on the first Monday after the third Monday in September. This action was filed to that term, and the citation commanded the officer to summon the defendant to appear on that Monday without giving the day of the month on which that would fall, and it commanded the officer "to have the writ then and there," with an endorsement thereon showing how he had executed the writ. A motion was made to quash the citation on the ground that it was not "made returnable to the first day of the next term of the court after the issuance thereof," and because the particular day to which the writ was returnable was not specified. The writ required the defendant to be summoned to appear at the next regular term of the court, to be held at the court house in the town of Richmond, on the Monday fixed by law, was issued on August 31, and returned on September 8, and was in every respect sufficient. (Cave v. City of Houston, 65 Texas, 621.) The court began on September 27, and this cause was set for trial on October 7, and when called an application for continuance was filed, based on the absence of witnesses and depotions. The citation was served August 31, and not until Sep-

tember 24 were subpœnas issued for any witnesses, and the sub-pœnas were returned on the first day of the court, showing that the witness could not be found. No subpœna was afterwards issued, though the case was set for trial on October 7. The court held that sufficient diligence had not been shown. It was made to appear that one of the witnesses left the county temporarily on the twenty-second of September and that he had not returned. Interrogations were filed to take the depositions of witnesses living in other counties, but this was not done until September 27. The application showed that commissions issued on October 1, and that they had been placed in the hands of proper officers to take the depositions, but it did not state when the commissions were placed in the hands of officers to take the depositions. The court held that the diligence shown in this respect was not sufficient, and we can not say that the court erred in overruling the application for a continuance.

The trial commenced on October 7, and on that day the defendant had present as a witness one Riley, its master mechanic, who resided in Galveston county. This witness, on the evening of the seventh of October, went to his home in Galveston, on account of the sickness of some member of his family, expecting to return and testify in the case on the next day, but was unable to do so. No steps had been taken to take the deposition of the witness. On the eighth of October an application was made to continue the case on account of the absence of this witness, and it was over-ruled, and we think there was no error in this.

The law provides how the evidence of witnesses not resident of the county in which the trial is to take place may be obtained, and one who fails to avail himself of the means which the law furnishes to produce evidence can not be said to have used due diligence. The charge given, at request of the plaintiff, was not subject to the objections now made to it; and, taken in connection with the charges given at the request of the defendant, fairly submitted the case to the jury.

The evidence is conflicting as to the origin of the fire which burned the grass in the plaintiff's pasture, but the only witness who professed to know how it originated leaves no doubt upon that question.

It was for the jury to pass upon the credibility of the witnesses and to determine the weight to be given to their testimony; and, the evidence offered by the plaintiff being sufficient to show that the injury was caused by the escape of fire from the

defendant's train, and that its roadway was in such condition as to cause the fire to spread and extend to the plaintiff's land, we can not reverse the judgment on this ground.

This action was brought by the appellee as the survivor of the community of herself and her deceased husband, qualified under the statute to administer the community estate, to recover for an injury done to that estate. The entire pasture, a part of which was burned over, embraced over thirty-seven hundred acres. The estate and one Pentecost together owned several tracts of land, and one of these tracts, containing over two thousand acres, was in the pasture burned; in this tract Pentecost had an undivided interest of about two hundred and seventy-two acres. Pentecost was in possession of other lands in which the estate had an interest, and was using that, as was the appellee using the tract embraced in the pasture.

Prior to the death of the husband of appellee, he and Pentecost had an agreement for the partition of the land which they held as tenants in common, under which the former was to have the interest of Pentecost in the lands in the pasture, and the latter was to have lands outside. After the death of the husband of appellee the partition was effected in accordance with the prior understanding.

The fire having passed over the tract in which Pentecost formerly had an undivided interest of about two hundred and seventy-two acres, it was urged in the district court that the appellee ought not to be permitted to recover for injury done to so much of the land. There was no foundation for this objection. The fact that the partition with Pentecost may have been made after the death of the husband of the appellee, does not affect the character of title to the land. Whether the actual partition was made before or after the death of the husband of appellee, the interest in any land embraced in the partition and acquired for pasturing would be community property. If the partition had not been made until after the destruction of the grass by fire, under the facts shown, the rights of the parties would be the same.

If by agreement between tenants in common one is permitted to have the exclusive use and possession of a part of the land which they together own, while the other has such use and possession of other lands so owned, then either may recover for any injury done to that which he has right exclusively to use or possess.

No objection was made or is now urged as to the admissibility of the evidence introduced to show the extent of the injury or amount of damages, and we are of opinion that it was sufficient to sustain the verdict.

We do not see that the remarks of counsel for appellee, in reply to the argument of counsel for the appellant, could have influenced the verdict.

What has been said renders it unnecessary to consider seriatim the assignments of error further.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*