B. E. FULLER ET AL. V. H. F. KAMINSKY ET AL.

Decided February 5, 1906.

**1.—Error Apparent of Record.**

Where there is an error "apparent of record" the Appellate Courts are required by statute to consider the same, although not assigned.

**2.—Contract—Cause of Action—Pleading—Evidence.**

Plaintiffs entered into a contract with defendants to bore a well at a stipulated price per foot. The contract provided that if the defendants should from any cause stop plaintiffs from boring at any depth less than the agreed limit, the money earned should be paid. Before reaching the limit the casing in the well became crimped, and plaintiffs abandoned that well and prepared to bore in another place, where they were prevented by defendants. Held, plaintiffs were not entitled under the contract to recover for the work done on the abandoned well. The proper measure of damage would be the loss of profits, expense of preparation, value of lost time, etc., caused by the breach of the contract by defendants.

Appeal from the County Court of Clay County. Tried below before Hon. S. A. Denny.

*R. E. Taylor,* for appellants.

*W. T. Allen* and *H. A. Allen,* for appellees.

CONNER, CHIEF JUSTICE.—Appellees thus state this case: "On November 23, 1903, the appellees and appellants entered into a contract by which the appellees agreed to drill a well upon the lands of the appellants for the purpose of prospecting for oil to the depth of 500 feet if necessary; the appellants agreed to pay the appellees fifty cents per foot for the first hundred feet, 75 cents per foot for the second hundred feet, one dollar per foot for the third hundred feet, and one dollar and twenty-five cents for each foot below 300 feet. The contract provided that if the appellants from any cause should stop the appellees at any depth less than five hundred feet that then the earned money should at once become due and payable. The contract did not provide at what place upon the appellants' lands the well should be drilled, but when the machinery arrived one of the appellants, Mr. Fuller, drove a stake down near the line dividing the lands of the appellants and told the appellees that they could drill the well at any point within fifteen or twenty feet either east or west of the stake. The appellees accepted this designation and set the machinery and commenced drilling at the point where the stake was driven. The appellees drilled a well at the place agreed upon to a depth of 316 feet and the casing became crimped and they had to abandon this well and they moved the machine ten feet west of the place where the stake was driven and were going to drill a well at this point. They allege in their pleadings that the appellants prohibited them from drilling a well at this place and threatened to prosecute them if they did so. The appellants denied this allegation and pleaded the appellees breached the contract and abandoned the drilling of the well over the protest of the appellants.

"G. Engel, one of the appellees, testified that they drilled the well to a depth of 316 feet at the point designated by Mr. Fuller and the casing became crimped and they moved the machine ten feet west of where the stake was driven and were going to drill a well at this point when Mr. Fuller told him that if he drilled there they would not pay them a cent and that they would sue them for trespassing; that he told Mr. Kaminsky what Mr. Fuller had said and they then moved the machine to Oil City.

"Otto Engel, a witness for plaintiffs, testified to what was said by Mr. Fuller substantially the same as G. Engel.

"B. E. Fuller denied that he told them to quit drilling and denied that he told them he would not pay them if they drilled where they had set the machine, and denied that he told them he would sue them for trespassing if they drilled there.

"This was the only issue made by the pleadings or evidence, and the court clearly submitted this issue to the jury, instructing them that if they believed·from the evidence that the plaintiffs were prevented from drilling the well in accordance with the terms of the contract by the defendants that they would find for the plaintiffs, but if they abandoned the contract without being prevented by the defendants they would find for the defendants."

The trial resulted in a verdict and judgment in appellees' favor for $237.80, which was evidently awarded for the well actually drilled at the rate per foot specified in the contract, after a small item for the value of casing pleaded by appellants as an offset had been deducted.

We are of the opinion that none of the assignments presents error, unless it is the tenth which charges that the verdict and judgment are contrary to and unsupported by the evidence in some half dozen or more particulars as set out in appellants' motion for a new trial. A majority of us are inclined to sustain appellees' objections to this assignment as violative of the rules. But we need not determine this, inasmuch as we are all agreed that without reference to the assignments there is error "apparent of record" which we are required by the statute to notice. Upon the face of appellees' petition and by the undisputed evidence the well actually drilled was abandoned by appellees before its completion without fault of any kind on appellants' part. Appellees, therefore, were clearly not entitled under the terms of the contract to compensation for the work theretofore done in trying to complete it. For instance, had there been no interruption in drilling the second well can it be contended with any show of reason that upon its completion they would have been entitled to recover therefor as specified in the contract, and also for what had been done upon the abandoned well? We think not. appellees having abandoned the first well, they were required to drill another to obtain any benefit under the contract, and this they recognized by undertaking to do so. If appellants wrongfully prevented appellees from drilling the new well, as appellees allege, then it may be they would be entitled to recover such damages as would, according to the usual course of things arise from that state of facts, including perhaps loss of profits, or at least expense of preparation, value of lost time, etc. Such evidently would be the measure of appellees' damages had appellants wrongfully prevented them from

drilling in the first instance after they had prepared to do so. There is, however, no evidence of any such damage, nor do appellees in their petition, present any such case. Nothing in the petition or in the contract pleaded, imposes upon appellants responsibility for the misfortune which seems to have necessitated an abandonment of the well partially drilled. They have been permitted to recover for drilling a well they confessedly abandoned, and that without dispute, is of no value in its uncompleted condition.

We think the recovery as permitted is without support, in either pleading or proof, and the judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*