TRINITY & B. V. RY. CO. v. McCUNE.

(Court of Civil Appeals of Texas. Dallas. Feb. 15, 1913.)

1. CONTINUANCE (§ 26*) — DENIAL — DISCRETIONARY RULING.

The denial of defendant's application for continuance, sought because of the absence of a witness in its employ who had promised to attend but was detained by his wife's sickness, was not an abuse of discretion, where defendant made no effort to take the witness' deposition, though he had ample time to do so after service and before trial.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

2. APPEAL AND ERROR (§ 1053*)—WITHDRAWAL OF EVIDENCE—CURE OF ERROR.

In a passenger's action for injuries, an instruction withdrawing evidence relative to plaintiff's reputation for sobriety cured the error in admitting it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

3. EVIDENCE (§ 553*) — EXPERTS — EXAMINATION—HYPOTHETICAL QUESTION.

A hypothetical question was not improper because it did not embrace precisely the language of the evidence, where it gave substantially what the evidence showed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2369–2374; Dec. Dig. § 553.*]

4. TRIAL (§ 296*)—INSTRUCTIONS—CURE OF ERROR.

In a passenger's action for injuries, an instruction that "contributory negligence is such an act or omission on the part of the person injured as an ordinarily prudent person would not have done or would not have omitted to do, * * * which * * * contributed to bring about that injury," was cured by other correct instructions specifically telling the jury to find for defendant if plaintiff failed to use ordinary care.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

5. CARRIERS (§ 321*)—INJURY TO PASSENGER —INSTRUCTIONS—EVIDENCE.

In a passenger's action for injuries, plaintiff's testimony that, "if there was any apron or sheet iron on the car at all, it did not extend but a short distance, and I do not remember which side it was hooked to," that his foot was caught between two buffers where the sheet iron rubs together over the buffers on one side, and that the sheet iron was up against his foot, warranted an instruction predicated upon the defendant's failure to provide a proper covering for the buffers between which plaintiff's foot was caught.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326, 1337, 1343; Dec. Dig. § 321.*]

6. CARRIERS (§ 280*)—INJURY TO PASSENGER —LIABILITY—ANTICIPATED INJURY.

In order to hold a carrier liable for injuries to a passenger, it was not essential that it must have anticipated the precise injury or precise person injured, but was sufficient that it ought to have anticipated a similar injury to some one similarly situated.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1085–1092, 1098–1103, 1105, 1106, 1109, 1117; Dec. Dig. § 280.*]

7. APPEAL AND ERROR (§ 760*) — ASSIGNMENTS OF ERROR—SUFFICIENCY—REFUSAL OF INSTRUCTION.

An assignment of error complaining of a refusal of an instruction may not be considered, where the instruction was not copied in the brief and the page of the record containing it was not pointed out.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. § 760.*]

8. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—SUFFICIENCY—REFUSAL OF INSTRUCTION.

An assignment of error complaining of the refusal of an instruction could not be considered, where neither the proposition nor statement pointed out any evidence showing the relevancy of the instruction to the facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Action by Milroy McCune against the Trinity & Brazos Valley Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

N. H. Lasiter and R. M. Rowland, both of Ft. Worth, for appellant. Clyde Winn and Supple & Harding, all of Waxahachie, for appellee.

RAINEY, C. J. Suit by appellee against appellant to recover damages for personal injuries received by appellee while a passenger from Teague, Tex., to Athens, Tex., on appellant's train, through the negligence of its servants. It was alleged, in effect, that appellee boarded appellant's train at Teague, paying his fare to the conductor, and, owing to the crowded conditions of the coach assigned for negroes, he was compelled to ride on the platform; that at a station 25 miles out from Teague the train ran too far before stopping and had to back; that passengers who were alighting there crowded out on the platform with valises and bundles and pushed him over against the buffers between the coaches, when the train suddenly backed, and his foot was caught between the buffers, or between one of the buffers and a piece of sheet iron placed for the purpose of covering the space between the two coaches. The negligence alleged was: (1) In failing to furnish sufficient cars in which to ride; (2) in permitting the passengers alighting to push against appellee as they passed out of the coach; (3) in failing to warn him that the train was to be backed; and (4) in having a defective covering, or none at all, between the coaches. Appellant answered by general denial, and specially that the coach was not crowded and appellee could have obtained a seat; that the buffers were covered with a metal apron; and that appellee was negligent in riding on the platform and in permitting his foot to be caught between the cars. A trial resulted in a verdict and judgment for $225, and the railway company appeals.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

·[1] There was no error in overruling the motion for a continuance. The application, not being a statutory one, was addressed to the discretion of the court. The witness not living in the county in which the case was brought, to issue a subpœna for him would not have been diligence. His depositions were not taken, nor any effort made by appellant to do so, although there was plenty of time after service of citation, and before trial, to have done so. The said witness was in the employ of appellant as conductor, and had promised to be present for the purpose of testifying in person, but was detained by sickness of his wife, which was not a sufficient equitable ground when the law afforded an opportunity to appellant to have the witness' testimony on the trial by deposition. The record fails to show a condition where the court abused its discretion in overruling the motion for a continuance, and the assignment based on this ground is overruled. Railway Co. v. Wells, 146 S. W. 645; Railway Co. v. Demere, 145 S. W. 623; Railway Co. v. Wheat, 68 Tex. 133, 3 S. W. 455.

[2] The third assignment is based on the admission of the testimony of J. L. Penn, a witness for the plaintiff, which was that he was acquainted with the reputation of plaintiff for sobriety, and that it was good. On the next day counsel for plaintiff stated in open court, in the hearing of the jury, that they had additional evidence to the same effect, but were in doubt as to its admissibility, whereupon the court reconsidered the matter and decided that evidence of that character was inadmissible, and so instructed the jury orally, and afterward, by written instruction, withdrew the testimony of J. L. Penn regarding the reputation of plaintiff for sobriety from their consideration. Counsel for appellant insist that this proceeding was prejudicial to appellant's case, and the effect could not be removed from the minds of the jurors. However this may be, by a long line of decisions our courts have held that the withdrawal of evidence once admitted from the jury, by a charge such as given in this case, cured such error and was no cause for reversal. Railway Co. v. Huttner, 131 S. W. 630; Railway Co. v. Groseclose, 134 S. W. 736; Freeman v. Cleary, 136 S. W. 521; Henyan v. Trevino, 137 S. W. 459.

[3] The fourth assignment complains of the admission of the testimony of Dr. Simpson, a witness for plaintiff, in answer to a hypothetical question, because the question assumed something not warranted by the evidence, to wit, "that the plaintiff was unable to put his foot on the ground at a time two or three weeks after his alleged injury." There was evidence which showed substantially that plaintiff was unable, two or three weeks after his injury, to put his foot on the ground. It is not necessary for a hypothetical question to embrace precisely the language of the evidence. It is sufficient if it imports substantially what the evidence shows. Railway Co. v. Compton, 75 Tex. 667, 13 S. W. 667; Kemendo v. Fruit Dispatch Co., 131 S. W. 73.

[4] The fifth assignment complains of the fifth paragraph of the court's charge, which reads: "'Contributory negligence' is such an act or omission on the part of the person injured as an ordinarily prudent person would not have done, or would not have omitted to do, under the same or similar circumstances, which, concurring with negligence on the part of the defendant, caused, or contributed to bring about, the injury." The court in this charge was defining contributory negligence, and, while it is somewhat confusing, it becomes harmless in view of subsequent paragraphs of the court's charge. In paragraph 11 the court charged the jury: "In determining the issue whether plaintiff was guilty or was not guilty of contributory negligence, you may look to all the facts and circumstances in evidence before you, and determine therefrom whether or not he used such care as a person of ordinary prudence would have used under the same or similar circumstances. If you believe from the evidence that plaintiff at the time of the alleged injury could have been sitting or standing inside the coach or part thereof, * * * and that his failure to do so * * * was negligence on his part, * * * then you must find for defendant. * * * Or if you find that plaintiff was himself guilty of negligence which caused or contributed to bring about his injury, you will find for defendant, although you may find that defendant was also guilty of negligence." The court also gave a special charge asked by appellant, as follows: "If plaintiff by the use of ordinary care and attention for his own safety could have prevented his injury, if any, and if he failed to exercise such care and attention, and as a proximate result of such failure, if any, he sustained an injury, then you are instructed that he was guilty of contributory negligence and cannot recover." These charges instructed the jury to find for the defendant if plaintiff failed to use ordinary care and were calculated to disabuse the jury's minds of any doubt, if any existed, about the definition of "contributory negligence" given by the court.

[5] The sixth assignment complains of the ninth paragraph of the court's charge. The grounds of complaint are set forth in the two propositions submitted, as follows: "(1) The charge is error because there is no evidence to allow the submission to the jury of the issue that the defendant failed to provide a covering for the buffers between the cars to prevent a passenger's foot from getting caught thereon; but the evidence is undisputed to the contrary. (2) If the defendant failed to furnish sufficient coach room for

the plaintiff, and if this failure was negligence, nevertheless this negligence is too remote to sustain a recovery in this case because it is undisputed that the buffer was covered with a metal apron, and that the platform on which the plaintiff testifies he rode was safe so far as such an injury as this is concerned, and the defendant could not ·have anticipated˜ that a failure to furnish the plaintiff a seat or coach room would cause him to meet with such an injury as he testifies occurred." We think appellant in error when it says there is no evidence to warrant the charge. It was shown that appellee was unable to get inside the coach and was compelled to ride on the platform, where he paid fare to the conductor; that the train overshot a station some 25 feet, and, as it stopped, passengers crowded out of the coach to debark, with their grips .and sacks, crowding appellee to the extreme edge of the platform, when the train, without notice, was shoved back suddenly, causing appellee to stagger, and, as he set his foot out to catch himself, it was caught in some of the connecting apparatus, or connections between the cars. Appellee testified: "If there was any apron or sheet iron on the car at all, it did not extend but a short distance, and I do not remember which side it was hooked to. I cannot tell what caught it; it seemed jammed up by the back pressure of the train. It was caught between these two buffers where they come together and where the sheet iron rubs together over the buffers on one side, and that sheet iron was up against my foot too—my foot was caught over that apron part and out down about middleways of my foot." We think the evidence demanded the charge, and the assignment is overruled.

[6] As to the contention that the injury could not have been anticipated, we think the language used in Moore v. Northern Traction Co., 41 Tex.˚ Civ. App. 588, 95 S. W. 655, is a sufficient answer: "It has never been held, so far as we are aware, and is not thought to be the law, that a defendant must have anticipated the precise injury or precise person receiving the injury; but it is sufficient if he ought to have anticipated a similar injury to some one similarly situated."

[7, 8] The seventh and eighth assignments will be considered as waived, as they are not briefed according to the rules. The seventh complains of the refusal of a charge; but the charge is not copied in the brief, and we cannot tell what it is, and the page of the record is not pointed out. The eighth assignment complains of the refusal of charge No. 5. There is under them a proposition and statement, but neither the proposition nor statement points out any evidence showing relevancy of the charge to the facts.

There is evidence in the record. which supports the allegations of plaintiff's petition, and which the jury were warranted in believing.

The judgment is affirmed.