## PROVIDENT LIFE & ACCIDENT INS. CO. v. HOLT.

No. 3841.

Court of Civil Appeals of Texas. Texarkana. April 16, 1930.

Rehearing Denied April 24, 1930.

Freeman, McReynolds & Hay, of Sherman, for appellant.

W. J. Durham, of Sherman, for appellee.

WILLSON, C. J. (after stating the case as above).

Appellant insists the evidence did not warrant a finding that the direct and proximate cause of Stanley Holt's death was the injury to his foot, and that the trial court therefore erred when he overruled its objection on that ground to the issue he submitted to the jury, when he refused its request that he instruct the jury to return a verdict in its favor and when he overruled its motion to set aside the finding of the jury.

We have read the evidence in the statement of facts, and think the contention should not be sustained.

Appellant's witness Dr. McGregor, who was called to treat Holt on Sunday before he died Tuesday, testified that Holt was suffering from acute gastritis when he first saw him on said Sunday, but that the immediate cause of his death was pericarditis, defined as inflammation of the membranous sac around the heart. During the time he treated Holt, Dr. McGregor did not know and was not told about the injury to Holt's foot nor about his having had a tooth extracted on the day before he was called to see him, and gave it as his opinion that Holt's death was due to "natural causes." Dr. McGregor testified further that a majority of the cases of pericarditis were caused by injuries to the person. Appellee as a witness in her own behalf testified that her husband was brought to their home a short time after the accident on June 2; that there was then an open wound about one and a half inches long "on top of his left foot"; that said foot "appeared to be swollen and it was bloody"; that when her husband came back from the hospital June 17 his foot "appeared to be looking better," but that "a few days later it became swollen and festered," had pus in it, and continued in that condition until he died; that her husband had a dentist extract one of his teeth on Saturday before he died Tuesday; that he complained that his stomach, heart, and head hurt him, and began vomiting the night after he had the tooth extracted, and "continued vomiting off and on" until he died. Dr. Meadow testified that pericarditis "is usually caused by poison in the blood." "It may be poison," he said, "from infection of a bruise or injury, anything that would poison

558

the blood and affect the heart." "There is no set time," he testified further, "for pericarditis to appear after the receipt of a blow. * * * There may be an injury and go on for days and days, and apparently no infection has set up, and the first thing you know you have a dead patient." Dr. Russell testified that pericarditis "is usually caused by an infection in some part of the body, and it is carried through the circulation to the heart." Dr. Russell testified further that he did not remember "ever hearing of a case of pericarditis following the extraction of a tooth." Dr. Meador, the dentist who extracted Holt's tooth, using an anæsthetic, testified he had "never had a case where the anæsthetic disturbed the stomach" and "never had a patient to die from the extraction of a tooth." It will be noted there is no plausible suggestion in the evidence referred to that the pericarditis from which Dr. McGregor said Holt died might have been caused by anything other than the injury to his foot by the hammer or to his jaw in extracting the tooth.

It will be seen on referring to the statement above that the issue the court submitted to the jury was as to whether the injury to Holt's foot was the direct and "proximate" cause of his death. In his charge the court told the jury that "proximate cause" was "that cause which in natural and continuous sequence unbroken by any new cause, produces death, and without which death would not have occurred." Appellant objected to the definition, insisting that "foreseeableness and anticipation (quoting) of an injury or the result of such injury is necessary to a correct definition of proximate cause." The suit was not for tort, but was on a contract in which the words "proximate cause" were not used. The phrase need not have been defined, but as it was, of course it should not have been incorrectly defined; and we think it was not; the suit being of the kind stated.

Appellant objected to a hypothetical question propounded by appellee to the witness Dr. B. A. Russell, and to a like question propounded to the witness Dr. J. D. Meadow, and complains here because its objections were overruled and the witnesses were permitted to answer the questions. The questions are too long to set out here. The ground of the objections to them was that they were "not based on the facts of the case." We think the objection itself was subject to objection on the ground that it did not particularly point out in what respect the question was not warranted by evidence in the case (Pennington v. Rys. Co., 201 Mo. App. 483, 213 S. W. 137; Jackson v. Rys. Co. [Mo. App.] 232 S. W. 752; Prosser v. Ry. Co., 17 Mont. 372, 43 P. 81, 30 L. R. A. 814; Knight v. Overman Wheel Co., 174 Mass. 455, 54 N. E.

890), and that the court for that reason had a right to overrule it. Moreover, having carefully read the evidence, we do not agree that it and inferences fairly deducible from it did not furnish support for the material parts of the questions objected to. Order of United Commercial Travelers v. Barnes, 75 Kan. 720, 90 P. 293; Ry. Co. v. Compton, 75 Tex. 667, 13 S. W. 667; Rogers v. Banking Co., 46 Tex. Civ. App. 475, 103 S. W. 461; Oil Co. v. Belew (Tex. Civ. App.) 178 S. W. 607; Ry. Co. v. McCune (Tex. Civ. App.) 154 S. W. 237; 22 C. J. 713.

The contention that the trial court erred in not granting appellant a new trial because of "newly discovered evidence" is overruled. The evidence discovered was to the effect that Holt "had the reputation of being a heavy drinker," was arrested for "being intoxicated and creating a disturbance * * * on a number of occasions during the years 1923 and 1926," and was drunk on t e Sunday before he died. The showing in the record indicates that the facts about Holt's drinking intoxicating liquor, if he did, would have been disclosed by the use of the least diligence, and that none was used. Peters v. Williams (Tex. Civ. App.) 271 S. W. 430; Haskins v. Henderson (Tex. Civ. App.) 2 S.W. (2d) 864.

The judgment is affirmed.