ALMINA WINNT v. INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY.

No. 6165.

1. **Exemplary Damages for Causing Death.**—It is recognized by our courts that the right to maintain an action for the recovery of exemplary damages for death of a person caused by the willful act, omission, or gross neglect of a corporation or company, etc., is confined to the class of persons who by the terms of the Constitution are designated as entitled to maintain such actions, viz., the surviving husband or wife or heirs of the body of the deceased, and not to the parent.

2. **Allegations of Negligence.**—On special exception to the allegations in petition it is not sufficient to allege that the servants and employes of the defendant (a railway company) were grossly negligent and reckless in running and operating the train, in failing to give proper signals, or keep a proper look out, etc., that the train was under control of an officer of defendant—there being no allegation showing any willful act, omission, or gross neglect on part of the officer in control and representing the defendant, nor of any ratification of such act on part of defendant.

3. **Suit for Death of an Adult Son by Parent.**—As basis for damages for the death of a son in a suit by a parent the reasonable expectation of benefit the parent would have received had the adult son not been killed must be shown And in the absence of legal right to the services of the deceased this would depend upon his ability and will to confer the benefit upon the parent.

APPEAL from Hays. Tried below before Hon. H. Teichmueller.

The opinion states the case.

*O. T. Brown,* for appellant. — 1. On right of plaintiff to sue. Rules for Dist. Ct., Nos. 17, 18; Briscoe v. Bank of Commonwealth, 11 Pet., 257; Packet Co. v. Keokuk, 5 Otto, 80; Allen v. Louisiana, 13 Otto, 83; Railway Co. v. Schutle, 13 Otto, 118; Penniman's Case, 13 Otto, 714;

Milne v. Huber, 3 McLean C. C., 212; Duer v. Small, 17 How. Prac., 205; Tilley v. Railway Co., 5 Fed. Rep., 641.

· 2.   On sufficiency of allegations of negligence.   Rules for Dist. Ct., Nos. 17, 18; Sayles & Basset's Texas Pl., sec. 39; 1 Chitty's Pl., 663, 664.

3.  · On allegation of damages.   H. & T. C. Ry. Co. v. Cowser, 57 Texas, 293.

*W. O. Hutchinson* and *Thos. H. Franklin,* for appellee.—1.   The Constitution of the State has in terms limited the right to recover punitory damages for injuries resulting in death to the surviving husband or widow of the deceased and the heirs of the body of said deceased.   In so far as the statute extends this right of recovery to the surviving parents of deceased it is unconstitutional, and the plaintiff in this case can have no recovery against defendant for punitory damages.   Const. of Texas, art. 16, sec. 26; Rev. Stats., art. 2903; Railway v. Baker, 57 Texas, 419; Railway v. Cowser, 57 Texas, 293.

2.   The petition does not allege that the death of plaintiff's son was caused by the willful act, omission, or gross neglect of defendant, and there can be no recovery of exemplary damages under the Constitution unless the act, omission, or gross neglect was willful.   Const., art. 16, sec. 26.

3.   It affirmatively appears on the face of plaintiff's petition that she is not entitled to recover any actual damages, and therefore she can not recover exemplary damages.   Towery v. Henderson, 60 Texas, 291, and authorities cited.

4.   It appearing affirmatively upon the face of plaintiff's petition that plaintiff's son was over twenty-one years of age when killed, and that he was instantly killed, she had no legal right to his services, and in the absence of some allegations showing that he contributed to her support and that there was a reasonable probability of his continuing to do so, her petition shows no cause of action against defendant for actual damages. Rev. Stats, title 52; Railway v. Spicker, 61 Texas, 431; Stewart v. Railway, 62 Texas, 246; Railway v. Kindred, 57 Texas, 498; Railway v. Levy, 59 Texas, 567; Patt. Ry. Acc. Law, sec. 404; 2 Thomp. on Neg., 1292; Hetherington v. Railway, 6 Am. and Eng. Ry. Cases, 492; Porter v. Railway, 2 Id., 44; Pennsylvania Co. v. Lilly, 4 Id., 541; Lehigh Iron Co. v. Rupp, 7 Id., 29; Regan & Co. v. Railway, 51 Wis., 599.

HOBBY, JUDGE.—Suit by appellant as sole surviving parent of her son Columbus Brown to recover $10,000 actual and $10,000 exemplary damages alleged to have resulted to her by reason of the death of her said son on appellee's road on December 26, 1885.

The petition alleged that her son was instantly killed by and through the carelessness, gross negligence, and recklessness of appellee's servants

and employes in charge of its train of cars, stating the negligence to be the neglect to give signals at the crossing at locality of his death, excessive speed of the cars, absence of a headlight and lookout, etc.; that her son was at the time of his death over 21 years of age, left no surviving wife or child; that she was his sole surviving parent, and that by reason of his death so occasioned damages have resulted to her as such surviving parent in the sum of $10,000 actual damages and $10,000 exemplary.

Such are the material parts of the petition necessary to be referred to in view of the disposition made of the case below. Appellee filed a general demurrer and several special exceptions. The general demurrer was overruled.

The special exceptions sustained were as follows: "That it appears from the face of said petition that plaintiff sues as the mother of a deceased person, and that under the law she has no right of action for punitory damages. That it does not appear from said petition that the death of said deceased party was caused in such manner as to render the defendant liable to plaintiff in punitory damages. That it appears from said petition that said deceased person was over 21 years of age when killed, and there is no allegation authorizing a recovery by plaintiff for any damages resulting from said death or showing that any damages resulted to said plaintiff by reason of such death of said deceased."

The appellant declined to amend, judgment was rendered dismissing the cause, and this appeal is prosecuted. The error assigned is the action of the court in sustaining the special exceptions mentioned.

The questions raised by the first and second special exceptions in the order mentioned are whether any person not within the class of persons designated by section 26 of article 16 of the State Constitution can maintain a suit for the recovery of exemplary damages for the death of a person caused by the willful act or omission or gross negligence of a corporation or company; and second, if so, whether the petition in this case contains such allegations of willful act or omission or gross negligence upon the part of the defendant company resulting in the homicide as would make the defendant liable for exemplary damages.

The section of the Constitution referred to is as follows: "Every person, corporation, or company that may commit a homicide through willful act or omission or gross neglect shall be responsible in exemplary damages to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to such homicide."

This constitutional provision has been the subject of discussion in several cases in which it was examined and compared with articles 2899–2901, 2903, of the Revised Statutes, bearing upon the subject of "actions for injuries resulting in death," etc. H. & T. C. Ry. v. Cowser, 57 Texas, 305; I. & G. N. Ry. and M. P. Ry. v. Kindred, Id., 496.

We understand the rule laid down in these cases to be that the right to maintain an action for the recovery of exemplary damages for the death of a person caused by the willful act, omission, or gross neglect of a corporation or company, etc., is confined to the class of persons who by the terms of the Constitution are designated as entitled to maintain such action, namely, the surviving husband or wife or heirs of the body of the deceased, and not to the parent. H. & T. C. Ry. v. Baker, 57 Texas, 424.

It being apparent from the allegations of the petition that this suit was brought in the right of the mother as the sole surviving parent of the deceased, and the Constitution having declared what class of persons may bring such suit, and she not being one of that class, it was a defect apparent upon the face of the petition which could be reached by the exception. If the plaintiff had been shown to be within the class of persons designated as having the right to sue for and recover exemplary damages, still there was no error in sustaining the second special exception to the effect that there were no allegations of willful acts or omission or gross neglect upon the part of the corporation resulting in the death of the deceased, rendering the defendant liable for exemplary damages. The averments of the petition are that the *servants and employes of the defendant* were grossly negligent and reckless in running and operating the train, in failing to give proper signals or keep a proper look out, etc. The train is described also as being an extra train having an officer or officers of the defendant on board, but there are no allegations showing that willful act, omission, or gross neglect of one representing the defendant in its corporate capacity as a corporate officer, nor are there any averments of an approval or ratification of the acts of the agents of defendant, which are generally held to be necessary to support a claim for exemplary damages against the principal arising out of the acts of the agent. I. & G. N. Ry. v. Hays, 46 Texas, 272.

The acts complained of are alleged to have been committed by those acting as its ordinary servants and employes. I. & G. N. Ry. v. Hays, 46 Texas, 272; H. & T. C. Ry. v. Cowser, *supra.*

The remaining special exception sustained by the court was in substance "that it appeared from the face of the petition that the deceased was over 21 years of age when killed, and there were no allegations authorizing a recovery for any damages resulting from his death, and it did not appear from the petition that any damages were sustained by plaintiff."

There is a distinction between a suit by a parent for injuries resulting in the death of a minor child and that of an adult son. The law gives the right to his services and the proceeds of his labor in the former, and the probability that the minor would remain in the service of the parent during minority or would have permitted the parent to have the proceeds of his labor is said to be unimportant.

But this rule does not apply in the case of the suit for injuries result-

ing in the death of the son over 21 years of age, the legal right to the services not existing in the latter case.

In such a suit should be shown the reasonable expectation of benefit the parent would have received had the adult child not been killed. And in the absence of legal right to his services this would depend upon the ability and will of such child to confer the benefit on the parent. D. & W. Ry. Co. v. Spicker, 61 Texas, 429; see also I. & G. N. and M. P. Ry. Cos. v. Kindred, 57 Texas, 498.

There are no allegations in the petition which would authorize any proof upon this point to support the claim for actual damages. The averments were that by his death so occasioned she "as his sole surviving parent had been damaged $10,000 actual damages." It did not follow that she had been so damaged by reason of the death of her son alleged to have been over 21 years of age as a necessary legal consequence.

In the absence of some averment showing that he supported or contributed to her support, or that there was some expectation of benefit of a pecuniary character to be derived by the plaintiff from the services of her son, there could be no presumption of law arising from the mere fact stated that she had been damaged by the death of her adult son. Had the allegations been sufficient to support a claim for actual damages the ruling of the court sustaining the special exception with respect to the claim for exemplary damages would not have authorized a judgment of dismissal. In such case, the exception as to exemplary damages having been sustained, the case should have stood for trial upon the allegations as to actual damages. But as these were themselves insufficient and would not have supported a judgment for actual damages there was no error in dismissing the case. If the plaintiff had seen proper to amend and had sufficiently alleged grounds entitling her to actual damages she would have been entitled to a hearing upon that branch of the case.

As the case is presented we see no error in the judgment and think it should be affirmed.

*Affirmed.*

Adopted May 14, 1889.