GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. LOIE JOHN ET AL.

No. 1623.

1. **Practice on Appeal—Harmless Error.**—Error of the trial court in over-ruling special exceptions to certain allegations in the petition is harmless where little or no evidence is offered in support of the matters excepted to, and the court expressly directs the jury to disregard all such evidence.

2. **Railway Company—Elements of Damage for Causing Death.**—The reasonable prospect of promotion of a deceased engineer, and the consequent enhancement of his wages, are proper elements of damage in an action against the railway company for negligently causing his death.

3. **Evidence—Opinion—Nonexpert.**—A nonexpert who was on the train at the time of its derailment, and who testifies as to the condition of the track and ties there, may also testify, in connection with such facts, that the inferior condition of the ties and spreading of the track caused the derailment.

4. **Evidence—Harmless Error in Admitting.**—The admission, over objection, of incompetent evidence as to a given fact which accords with other evidence establishing the fact, and admitted without objection, is harmless error.

5. **Charge of Court—Negligence—Speed of Train.**—It was not error for the court to refuse to charge, that the act of the deceased engineer in running his train at a rate of speed forbidden by the rules of the company was of itself contributory negligence, and irrespective of whether that caused the accident. Following Railway v. Thompson, 2 Texas Civil Appeals, 170.

APPEAL from Cooke.    Tried below before Hon. D. E. BARRETT.

*J. W. Terry*, for appellant.—1. The fact that the defendant may have allowed its roadbed to be out of repair at other places than the point of the accident could not have contributed to the accident, and the fact that it may have allowed its culverts and bridges to be out of repair, when the same did not cause or contribute to the accident, were irrelevant and immaterial to any issue in the case, and were improper matter in the petition, and the reading of the same to the jury could serve no other purpose than to prejudice them against the defendant.

2. The damages claimed in the petition on account of the alleged prospect of promotion were too contingent and uncertain, and should have been stricken out on demurrer.

3. The witness Chappell, appearing not to have been an expert in the construction and maintenance of railroads or running of trains, and being no better qualified to draw conclusions from the facts than the jury were, his opinion or conclusion drawn from the facts to which he testified should have been excluded, and the jury permitted to draw their own conclusions from the facts, uninfluenced by the opinion of the witness. The objection and exception was taken at the proper time, for the reason that until the reading of the ninth interrogatory it did not appear that the witness was not qualified to speak as an expert. Railway v. Thompson, 2 Texas Civ. App., 170; Bridge Co. v. Cartrett, 75 Texas, 631.

4. The court erred in refusing to give to the jury the special charge requested by the defendant, because the evidence showed that it was against the rules of the defendant company for engineers to run trains like the one said John was running over twenty miles an hour, and because there was evidence tending to show that said John knew of such rules, and did run said train over twenty miles an hour. Where an employe disobeys a rule established by the employer for the special government of its business and safety of its employes, which rule is known to the employe, or ought to have been known to him by the exercise of ordinary care and diligence, and the disobedience of such rule caused or contributed to the accident, as a matter of law the employe can not recover, and the appellant was entitled to have the jury so charged. Railway v. Ryan, 69 Texas, 665; Pilkinton v. Railway, 70 Texas, 226; Johnson v. Railway (W. Va.), 18 S. E. Rep., 573; Schaub v. Railway (Mo.), 16 S. W. Rep., 926; Railway v. Hissong (Ala.), 13 South. Rep., 209; Railway v. Thomason, 12 South. Rep., 273; Railway v. Free, Id., 294; Williams v. Railway, 43 Iowa, 396; Railway v. Pannill, 16 S. E. Rep., 748; Overby v. Railway, Id., 813; Lockwood v. Railway (Wis.), 6 Am. and Eng. Ry. Cases, 151; Sedgwick v. Railway, 41 N. W. Rep., 35; Dawacutts v. Railway (Va.), 31 Am. and Eng. Ry. Cases, 157; Wilson v. Railway, 53 N. W. Rep., 797.

*J. E. Hayworth* and *Davis & Garnett*, for appellees.—1. Even if the exceptions were well taken, no possible injury could have resulted to the appellant, for no evidence was introduced or offered tending to show that the track, culverts, or bridges were out of repair except at the place where the derailment occurred. The allegations in reference to the deceased's prospects for promotion were proper. Tel. Co. v. Carter, 21 S. W. Rep., 688; Bonner v. Wingate, 78 Texas, 337; Railway v. Ormond, 64 Texas, 485.

2. The witness Chappell, being on the train at the time of the wreck, and an eye-witness to the transaction, was competent to testify as to the cause of the wreck, especially when it does not appear that his evidence is not based upon what he saw, but upon his opinion from other facts. Railway v. Jarrard, 65 Texas, 560.

3. The evidence of Gilcreest and Modrall, even if objectionable in the form in which it was offered, was harmless, and could not possibly have injured the rights of appellant, for other and uncontradicted evidence was introduced to the same effect. Railway v. Kindred, 57 Texas, 500; Railway v. Greathouse, 17 S. W. Rep., 836; Beauchamp v. Railway, 56 Texas, 243.

4. The requested instruction was erroneous, for it assumes, as matter of law, that it was negligence on the part of the engineer to run the engine at a greater rate of speed than that prescribed by the rules of the company, and also, that such excess in the rate of speed caused or contributed to the derailment. Railway v. Thompson, 21 S. W. Rep., 138; 2 Texas Civ. App., 170.

STEPHENS, ASSOCIATE JUSTICE.—By the derailment of a switch engine near Cameron, Texas, the engineer lost his life. His widow and children recovered a judgment in the sum of $8000, as compensation for the loss thus sustained.

Their contention was, that the defective condition of the track caused the wreck; that it was due to the negligence of the engineer in running too fast. Upon these issues the evidence was conflicting, that of the fireman, brakeman, and a freight clerk who was riding in the caboose of the ditched train, corroborated by some other witnesses, tending to show that the roadbed and track, at the place of the wreck, were in bad condition, with rotten ties, to which the rails were insecurely fastened, and that in consequence, though the train was running at the usual rate of speed of twelve or fifteen miles per hour, the track spread and the train was derailed; that of many other witnesses, however, tending strongly to show that the roadbed and track were in a reasonably safe condition, and that the derailment resulted not from the spreading of the track, but from teetering, caused by a reckless rate of speed of thirty or forty miles per hour, while twenty miles was the maximum rate allowed under the rules of the company for trains of that class.

The verdict of the jury determining these issues in favor of appellees is not, we think, without evidence to support it; and we therefore decline to disturb it.

*Conclusions of Law.*—1. Special exceptions to so much of appellees' petition as charged a defective condition of appellant's road at other places than that of the wreck were overruled; but as little or no testimony was offered to support these charges, and the court expressly directed the jury to disregard the evidence as to its condition at any other place than the wreck, the third and fourth assignments of error, challenging the correctness of this ruling on demurrer, would not require the judgment to be reversed. Tel. Co. v. Evans, 1 Texas Civ. App., 297; Tel. Co. v. Carter, 2 Texas Civ. App., 624.

2. The exception to so much of said petition as charged the reasonable prospect of deceased for promotion in the railway service, and the consequent enhancement of wages, was properly overruled, that being a matter for the consideration of the jury in estimating the damages.

3. After the deposition of the freight clerk mentioned above had been read in behalf of appellees, without objection, down to and including the answer to ninth interrogatory, which answer disclosed that he had had no experience on railroads or in running trains, appellant moved to exclude the sixth interrogatory and answer, reading: "What caused said locomotive and cars to be derailed? State fully." "The inferior condition of the ties and the spreading of the track caused the engine and caboose to be derailed, and the accident." The only ground of objection stated in the bill of exceptions is, that "it ap-

peared from the answer to the ninth interrogatory that said witness was not qualified to testify as an expert."

We find nothing in the record to indicate that the evidence was offered as that of an expert; nor did the interrogatory necessarily call for an opinion at all, and certainly not for one apart from a statement of the attendant circumstances within the observation of the witness. It has been several times ruled, both in and out of this State, that a nonexpert witness who knows the facts personally may, in certain cases, give an opinion, after stating the facts upon which such opinion is based; and that the opinion of such nonexpert witness concerning matters with which he is specially acquainted, but which can not be specifically described, is clearly competent. Railway v. Jarrard, 65 Texas, 560; Railway v. Locker, 78 Texas, 279; Railway v. Richards, 83 Texas, 203; 7 Am. and Eng. Encyc. of Law, 496, and notes. For kindred cases denying the admissibility of nonexpert opinions, see Bridge Co. v. Cartrett, 75 Texas, 631; Railway v. Hepner, 83 Texas, 136; Railway v. Thompson, 75 Texas, 501.

This witness in other portions of his deposition, not objected to, testified, that he was in the caboose of the train at the time of the wreck; that it was running at the rate of about twelve or fifteen miles an hour; that the railway track spread and caused the engine to get off; that the ties were inferior at the place of the accident; that while they were not entirely rotten, they were not sound; and that there were marks on them, as if the engine had been running on the ties for some little distance from where it turned over.

Having then been permitted—being an eye-witness to the occurrence—to testify, without objection, that "the railway track spread and caused the engine to get off the track," and to the unsound condition of the ties, it seems to us that even if the objection to the sixth interrogatory and answer had been raised at the proper time and in the proper form, it was not clearly incompetent and prejudicial for him to state further in this connection, as the result of his observations, that the inferior condition of the ties caused the spreading of the track and the derailment of the train.

4. If the testimony of physicians as to the expectancy of life was incompetent, which we do not mean to intimate, it but accorded with other evidence establishing that fact, which went in without objection, and would not, therefore, require the judgment to be reversed. Railway v. Kindred, 57 Texas, 500.

5. This brings us to the twenty-fourth and last assignment found in appellant's brief, complaining that the court should have charged, that if deceased, at the time of the accident, was running his engine at a higher rate of speed than that prescribed by the rules of the company, it would preclude a recovery. The refusal of a somewhat similar charge we approved in Railway v. Thompson, 2 Texas Civil Appeals, 170. The charge was also objectionable in that it required the

jury to find in favor of appellant in case the maximum rate of speed was exceeded, irrespective of whether that caused the accident.

The judgment will be affirmed.

*Affirmed.*

. Delivered January 9, 1895.

Writ of error refused.