**SMITH et al. v. FARRINGTON.** (No. 2900.)

Court of Civil Appeals of Texas. Amarillo.
June 20, 1928.

1. **Death** ☞93—**Parent cannot recover exemplary damages for death of child (Const. art. 16, § 26).**

Parent cannot recover exemplary damages for death of child, since Const. art. 16, § 26, limits exemplary damages for wrongful death to surviving husband, widow, or bodily heirs.

2. **Pleading** ☞228—**Exceptions to items of damage in death action as speculative and remote held equivalent to general demurrers.**

In action for death, exceptions to items of damages for tombstone for deceased, claiming that items were speculative and remote, were equivalent to general demurrers, and court properly treated them as such.

3. **Pleading** ☞228—**Special exception includes general demurrer to particular part of pleading attacked.**

Special exception includes general demurrer to that part of pleading excepted to.

Appeal from District Court, Knox County; J. H. Milam, Judge.

Suit by W. A. Smith and others against W. P. Farrington. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded.

Conforming to answer to certified questions, 6 S.W.(2d) 736.

Taylor, Muse & Taylor, of Wichita Falls, for appellants.

D. J. Brookreson, of Benjamin, and Cooper & Lumpkin, of Amarillo, for appellee.

HALL, C. J. The appellants sued Dr. Farrington, alleging in substance in their first amended original petition that prior to August 3, 1925, the appellee was and had been, for some time, a practicing physician and surgeon at Munday, Knox county, capable of diagnosing diseases, including diseased tonsils, and held himself out to the public as qualified to remove diseased tonsils, which he did in his practice for hire; that appellants' daughter, Miss Ruby Smith, prior to said date, suffered constantly with sore throat, and appellants, desiring to have her throat examined by appellee and to have him treat her, if treatment was necessary, took her to appellee's office in Munday for an examination; that appellee diagnosed her trouble as being tonsilitis and advised appellants that her tonsils were badly infected and in order to effect a cure, it would be necessary to remove the infected tonsils. They employed appellee to remove their daughter's tonsils, and on August 3 appellee removed both tonsils and in doing so negligently and carelessly used some instrument with which he scraped her throat, causing it to bleed profusely, and thereafter, by reason of appellee's negligent failure to properly attend their said daughter, hemorrhage resulted, and as a result of the operation, their daughter died the following morning about 6 o'clock. It is further alleged that prior to the operation the deceased was in good health, strong, cheerful, and happy, was a great comfort, consolation, and help to appellants; that at the time of her death, she lacked nine months and eight days of having attained her majority; that her services for said period would have been worth $25 per month, over and above all costs of maintaining her during said period, the value of such services aggregating $230. It is further alleged that by reason of the death of their daughter appellants were compelled to expend and did expend the sum of $125 for a coffin, $25 for a shroud, $50 for having her body embalmed, and $25 for incidental expenses, making a total of $225 expenses incident to the funeral and burial of their said daughter; that they were further actually damaged in that they necessarily expended $180 for the erection of a tombstone over her grave and spent $25 additional for flowers, making a total sum of $660 actual damages. They also sued for $15,000 as exemplary damages on account of appellee's gross negligence, unskillfulness, and carelessness in the treatment of their daughter.

The court sustained exceptions to the items of $15,000 exemplary damages and $180, the cost of a tombstone, which was claimed as actual damages. After deducting these amounts, the court found that the damages sought to be recovered were less than $500, and by reason thereof held that the court had no jurisdiction and dismissed the case. From this action of the court, this appeal is prosecuted.

The court did not err in sustaining the demurrer to the item claiming $15,000 as exemplary damages. Article 16, § 26, of the Constitution, provides:

"Every person, corporation or company, that may commit a homicide, through willful act or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide."

[1] By this article of the Constitution, the recovery of exemplary damages for death is limited to the classes of persons therein specified, and it is held that a parent cannot recover exemplary damages for the death of a child. H. & T. C. R. Co. v. Cowser, 57 Tex. 293; H. & T. C. R. Co. v. Baker, 57 Tex. 419; Winnt v. I. & G. N. R. Co., 74 Tex. 32, 11 S. W. 907, 5 L. R. A. 172; G. C. & S. F. R. Co. v. Compton, 75 Tex. 667, 13 S. W. 667.

[2, 3] Propositions numbered 2 and 3 insist that because the exceptions which the court

sustained to the item for tombstone were special exceptions rather than general demurrers, the court erred in sustaining them. It is insisted by the exceptions that these items are speculative and remote and therefore they were not proper items of damages.

The defendant's answer contains first a general demurrer. The exception which the court sustained to the $180 is termed a special exception in the answer. It is, in effect, a general demurrer to that item. Even if it could be called a special exception, the rule is that a special exception also includes a general demurrer to that part of the pleading excepted to. Snow v. Gallup, 57 Tex. Civ. App. 572, 123 S. W. 222; Pryor v. Moore, 8 Tex. 250.

The question whether the trial court erred in sustaining the exceptions to this item was, by this court, certified to the Supreme Court.

The effect of Judge Short's opinion, answering that question (6 S.W.[2d] 736), is that the cost of a tombstone, if reasonable under all the circumstances of the case, is recoverable by the parents. It necessarily follows therefore that the judgment dismissing the case must be reversed and the cause remanded, and it is accordingly so ordered.

Reversed and remanded.