## SOUTHWESTERN ENGRAVING CO. OF DALLAS v. HANSEN.
### No. 3007.

Court of Civil Appeals of Texas. El Paso.
May 10, 1934.

Rehearing Denied May 31, 1934.

Lawther, Cox & Cramer and Wm. M. Cramer, all of Dallas, for appellant.

Carl B. Callaway, Rollo E. Kidwell, W. C. Scurry, and Callaway & Reed, all of Dallas, for appellee.

HIGGINS, Justice.

While crossing Commerce street in the city of Dallas, on July 22, 1929, appellee, Mrs. Hansen, was struck by an automobile going eastward, driven by an employee of Southwestern Engraving Company of Dallas, in consequence of which she suffered serious personal injury. She brought this suit against said company on July 21, 1931, to recover damages for her injuries. In her first amended petition, filed July 3, 1933, upon which the cause was tried, she described herself as a widow, and the suit was to recover damages in her own personal right. There is nothing in the petition to suggest the coverture of the plaintiff at the time she was injured.

The defendant answered by exceptions, general denial, and plea of contributory negligence. Various acts of negligence on the part of the defendant's employee were found in favor of the plaintiff and that same were proximate causes of the injury. The issues of contributory negligence were found in her favor. Damages were assessed in favor of plaintiff, and judgment therefor rendered.

Upon the trial plaintiff's testimony showed she was a married woman at the time her injuries were inflicted, and that her husband, Charles T. Hansen, died November 16, 1930. Certified copies were introduced by her of the will of her husband, an order dated February 3, 1931, admitting the will to probate, inventory, and appraisement.

The will of plaintiff's husband gave all of his property to the plaintiff "for her life as long as she shall remain unmarried, and in the event of her death or remarriage, all my property shall immediately pass to and vest in my children, Theodore and Alice, share and share alike. It being my will and desire that my wife shall have a life estate in my property as long as she remains unmarried, with the remainder to my two children in fee simple upon my wife's death or remarriage." The will appointed the plaintiff independent executrix, and directed that no proceedings be had in court in the administration of the estate.

The claim for damages herein sued upon is not referred to in the inventory and appraisement filed by the executrix.

By instrument dated November 5, 1931, the children of the deceased assigned to the plaintiff all of their right, title, and interest in and to the cause of action sued upon.

Opinion.

Damages, occasioned by personal injuries sustained by a husband or wife, belong to the community estate. Teague v. Fairchild (Tex. Com. App.) 15 S.W.(2d) 585; Western Union Tel. Co. v. Owings (Tex. Civ. App.) 38 S.W.(2d) 831, and cases there cited.

The plaintiff's evidence in this case discloses that she was a married woman at the time of her alleged injury, her husband has since died, and that under the terms of his will and an assignment from his children his one-half of the cause of action has passed to her; that she was appointed the independent executrix of his will without bond.

In this state of the evidence appellant contends the action cannot be maintained by Mrs. Hansen in her personal capacity and right, and the court erred in refusing a peremptory charge in its favor, citing in support of its position Youngs v. Youngs (Tex. Com. App.) 26 S.W.(2d) 191, 193.

In that case Mrs. Youngs, in her own behalf and as next friend for the minor daughter of herself and her deceased husband, sued to recover land belonging to the separate estate of her husband, $5,000 rent of such land

and $25,000 the value of money and personal property belonging to the community estate of herself and deceased husband and alleged to have been converted by the defendant. A general demurrer to the petition was sustained by the trial court because of the failure of the petition to allege that no administration was pending upon the estate of the deceased husband and none was necessary. The ruling upon the demurrer was sustained. The ruling of the Commission of Appeals was based upon the "settled law of this state that before heirs, as such, can maintain a suit to recover a chose in action or other property which has descended to them, within the period allowed by law for the taking out of an administration, they must plead and prove facts entitling them to prosecute the action, and, in the event that the suit is brought within the four-year period allowed by law for an administration, they must plead and prove that there is no administration pending and none necessary. A petition that fails to affirmatively allege these facts is fatally defective and subject to a general demurrer."

Judge Critz, speaking for the Commission of Appeals, reviews the authorities and reached the final conclusion that the petition was subject to general demurrer for want of the allegations stated. In that case a part of the cause of action asserted belonged to the community estate.

The Supreme Court did not adopt the opinion in the Youngs Case, but the opinion quotes the petition, and the Supreme Court affirmed a judgment sustaining a general demurrer to such petition.

■ Upon the authority of that case we are constrained to hold that in the present case the appellee's petition would have been subject to general demurrer if it had disclosed that plaintiff was a married woman at the time she was injured and her husband had since died, unless additional averments were made showing that no administration was pending upon the estate of the deceased husband and none necessary.

■ If there be community debts against the estate of the deceased, the claim sued upon, when recovered, is applicable to the payment of such debts. Lovejoy v. Cockrell (Tex. Com. App.) 63 S.W.(2d) 1009.

■ Here the plaintiff's evidence affirmatively shows her coverture at the time of her injury, the subsequent death of her husband, and that she is the independent executrix of his will, and she is seeking in her personal right to recover a claim for damages belonging to the community estate, claiming the husband's one-half interest under his will and assignment from his children.

In such state of her evidence we are of the opinion plaintiff shows no right to maintain the action and recover in her own personal right and capacity. 3 Tex. Jur. p. 181, § 119; Sustaita v. Valle (Tex. Civ. App.) 38 S. W.(2d) 638; Provident, etc., Ins. Co. v. Johnson (Tex. Civ. App.) 235 S. W. 650.

It is not a mere question of the capacity in which she sues requiring a plea in abatement in limine. It is rather a question of any cause of action at all vested in the plaintiff in her personal right. Kansas City, etc., R. Co. v. Pope (Tex. Civ. App.) 152 S. W. 185; Id. (Tex. Civ. App.) 153 S. W. 163; Id., 109 Tex. 311, 207 S. W. 514; St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 33 S. Ct. 651, 57 L. Ed. 1129; St. Louis Southwestern R. Co. v. Brothers (Tex. Civ. App.) 165 S. W. 488; Eastern Ry. Co. v. Ellis (Tex. Civ. App.) 153 S. W. 701; Gulf, C. & S. F. R. Co. v. Lester (Tex. Civ. App.) 149 S. W. 841.

In the cases last cited the actions were by surviving wives and children of persons employed by railway companies against such companies, to recover damages for negligent injuries resulting fatally to such employees. The evidence upon the trials developed the cases were governed by the Federal Employers' Liability Act (45 USCA §§ 51–59) rather than the state statutes. In these cases it was held that the actions could not be maintained by the beneficiaries in their personal right, but could only be maintained by the personal representatives of the deceased.

These cases are not altogether in point because the causes of action were statutory, but the principle involved is analogous to the present case.

For the reasons stated, we are of the opinion that in the state of plaintiff's own evidence she cannot maintain the action in her own right. The assignments raising this question are sustained.

■■ We will not, however, reverse and render.

By amendment plaintiff can sue in her representative capacity. Such an amendment would not be regarded as stating a new cause of action now barred by limitation. Pope v. Kansas City, M. & O. R. Co., 109 Tex. 311, 207 S. W. 514, and cases there cited. Or the plaintiff, by amendment, may show that the independent administration has been completed by her and closed and the right thus

vested in her to maintain the action in her personal right.

For the reason stated, the judgment is reversed, and the cause remanded.