**FLEMING OIL CO. et al. v. WATTS et ux.**

**No. 6197.**

Court of Civil Appeals of Texas.   Texarkana.
March 21, 1946.

Rehearing Denied April 4, 1946.

Ramey, Calhoun, Marsh, Brelsford & Sheehy, of Tyler, and Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellants.

Angus G. Wynne, Philip Brin, H. P. Smead, E. A. Martin, Giles Harris, Hurst & Burke, and L. F. Burke, all of Longview, and Vernon Coe and Dan P. Johnston, both of Dallas, for appellees.

HALL, Chief Justice.

This suit was instituted by appellees, Emmitt Watts and wife, against Fleming Oil Company, Fleming and Kimbell, hereafter referred to as oil companies, and Gregg-Tex Gasoline Corporation, for damages, both actual and exemplary, for the death of their three minor children caused by the alleged negligence of the oil companies and Gregg-Tex Gasoline Corporation. It was alleged that the oil companies and Gregg-Tex Gasoline Corporation operated an oil and gas lease in Gregg County, adjacent to appellees' residence; that said companies negligently permitted the unburned gas from their flare line to escape upon the premises of appellees which became ignited, causing the death of their children.

The oil companies answered first with general denial and later by amended pleadings containing certain exceptions, unavoidable accident and contributory negligence. They also sought judgment over against Gregg-Tex Gasoline Corporation, and Gregg-Tex Gasoline Corporation prayed for judgment over against Fleming Oil Company and Fleming and Kimbell.

The trial was to a jury upon special issues which were answered favorably to appellees and Gregg-Tex Gasoline Corporation. In response to the jury verdict judgment was rendered for appellees Emmitt Watts and wife for $7500 actual and $7500 exemplary damages, and for appellee Gregg-Tex Gasoline Corporation.

The oil companies by their first point assert that "the court erred in awarding plaintiffs (appellees Watts and wife) judgment for punitive damages."

Appellees' three minor children, age 17, 15, and 10 years, were burned to death in a gas fire originating upon the premises of the oil companies near the end of one of their flare lines on the late afternoon of September 4, 1944. They were rushed immediately to a hospital at Longview and were admitted into said institution at 8:30 p. m. The children died next morning, September 5, 1944, one at 2:45, another at 3:13 and the last at 8:30. Witnesses who saw the tragedy stated that the three children had been sent by their mother to gather some wood with which to cook supper. They went in the vicinity of the oil companies' flare line, which the evidence shows was lying on the ground. A short time after the children were sent to gather wood, witnesses were attracted by their screams and saw them enveloped in flames. The mother immediately rushed to their assistance and extinguished the fire in their burning clothes and hair, at which time the witnesses noticed flames gushing from the end of the oil companies' flare line. There is no evidence in the record as to how the fire started.

This action was brought by appellees, as mother and father, in their own right. Appellees' pleadings as a whole substantiate this fact. Their petition sets out certain acts of misconduct on the part of the oil companies which it is alleged constitute ordinary negligence and gross negligence. It is quite generally the rule that exemplary damages are personal to the injured party and do not survive in favor of the beneficiary. In Sutherland on Damages, 3rd Edition, Vol. 2, Sec. 392, p. 1089, it is said:

"Neither can exemplary damages be awarded, as a general rule, for they are peculiar to the person, and do not relate to pecuniary or property rights. And, notwithstanding all causes of action now survive, in assessing damages we must look to

the wrong to be remedied, and the injury to be repaired. When the action is brought by the representative of one deceased it is to right the wrong done to his estate."

See also Union Mill Co. v. Prenzler, 100 Iowa 540, 69 N.W. 876.

In this State, however, Art. 16, Sec. 26, of our Constitution, Vernon's Ann.St., provides:

"Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there might be, without regard to any criminal proceedings that may or may not be had in relation to the homicide."

The appellees not being heirs of the body of their three minor children, the above provision of the constitution effectively bars their suit for exemplary damages. It was said in Houston & T. C. R. Co. v. Baker, 57 Tex. 419:

"There is another fatal objection to the judgment awarding exemplary damages, which is fundamental. By the terms of the constitution, only the surviving husband, widow or heirs of the body of the person whose death occurred by such willful act or omission are entitled to maintain actions for and recover exemplary damages for such homicide. It will not, we apprehend, be seriously claimed that the appellee, Spencer Baker, is heir of the body of his son, Lee Baker. That term has a well-defined meaning at common law, and includes only the children begotten by the person. That, too, is the generally, and we might add universally, accepted signification of the term, when used in common parlance. It is only those persons to whom the right is given that can maintain the suit under the constitution for exemplary damages."

See also Winnt v. International & G. N. R. Co., 74 Tex. 32, 11 S.W. 907, 5 L.R.A. 172; Gulf, C. & S. F. R. Co. v. Compton, 75 Tex. 667, 13 S.W. 667; Silurian Oil Company v. White, Tex.Civ.App., 252 S.W. 569, writ refused. "The Legislature was without power to add to or take from the conditions under which, by virtue of the Constitution, it could be maintained." Morton Salt Co. v. Wells, 123 Tex. 151, 70 S.W.2d 409, 410. It follows, then, and we so hold, that appellees are not entitled to recover exemplary damages for the death of their minor children. Point One is sustained.

■ By points Two and Three the oil companies assert that the trial court erred in rendering judgment for appellees for the pain and suffering endured by their three minor children "in the absence of pleading and proof that there was no administration upon the estates of such children and that none was necessary." Under the terms of R.S. Art. 5525, Vernon's Ann.Civ.St. art. 5525, the cause of action survived the death of the minor children, both as to pecuniary loss suffered by the parents, recoverable by them as their personal property, and as to pain and suffering endured by the deceased children, which belonged to the children's estates. As heretofore stated, the allegations in appellees' pleadings show clearly that this action was brought in their own right, as father and mother of their deceased children, for damages suffered by the parents occasioned by their children's death. There is no allegation in appellees' pleadings to the effect that there was no administration upon said estates and none necessary, nor was there any proof of such fact. As a general rule, without such allegation and proof it was improper to permit appellees to recover in their own personal right damages suffered by their deceased children from the time of their injury until their death. Modern Woodmen of America v. Yanowsky, Tex.Civ. App., 187 S.W. 728, writ refused; Sustaita v. Valle, Tex.Civ.App., 38 S.W.2d 638; Southwestern Engraving Co. of Dallas v. Hansen, Tex.Civ.App., 72 S.W.2d 344.

■ The oil companies address no special exception to appellees' pleadings for failure to include the allegation with respect to administration, and under Rule 90, Texas Rules of Civil Procedure, such failure amounted to a waiver of the defect in appellees' pleadings. R.S. Art. 4675, Vernon's Ann.Civ.St. art. 4675, furnishes another reason for overruling these points. In that act it is provided that: "The amount recovered shall not be liable for the

debts of the deceased." This being the case, it is our opinion that it would not be necessary to allege and prove that there was no administration pending and no necessity therefor. Williams v. Tooke, Tex. Civ.App., 116 S.W.2d 1114, writ dismissed, and cases there cited. Under our statutes of descent and distribution appellees were the only beneficiaries of their deceased children, and as stated in St. Louis, S.F. & T. R. Co. v. Seale, Tex.Civ.App., 148 S.W. 1099, 1100, writ refused:

"The fact that the suit was not brought in the name of some administrator or executor of the estate of Memory T. Seale, deceased, should not prevent a recovery." These points are overruled.

By their Point Four the oil companies assert that the trial court erred "in permitting the jury, in awarding damages, to consider what the children would voluntarily have contributed after reaching 21 years of age, when there was no evidence that the children would have either earned or contributed anything voluntarily to such parents." The evidence in this case with respect to contributions by the children is meager and of necessity must be so. There is evidence, however, that when the children worked and earned little sums of money they gave it to their mother; that they were obedient children and were sturdy and healthy. Under such circumstances it was for the jury to decide what in their opinion was a proper amount to allow as damages. Safeway Stores v. Webb, Tex.Civ.App., 164 S.W.2d 868; Texas Indemnity Insurance Company v. Arant, Tex.Civ.App., 171 S.W.2d 915.

Points Five and Six relate to the admission of evidence over the oil companies' objection of subsequent improvements of their premises where the children were burned. Appellees introduced evidence to the effect that shortly after the fire which caused the death of the three children the oil companies raised their flare pipe to a vertical position. The undisputed evidence showed that before the fire the flare pipe was lying on the ground. The trial court admitted evidence from several witnesses bearing on this issue, over the timely objection of the oil companies. This was error, S. Blickman, Inc., v. Chilton, Tex.Civ.App., 114 S.W.2d 646, and would work a reversal of this case but for the fact that similar testimony from other witnesses was admitted in evidence without objection. This renders the error harmless, Gulf, C. & S. F. R. Co. v. John, 9 Tex.Civ.App. 342, 29 S.W. 558, writ refused; Texas Electric Railway v. Blank, Tex.Civ.App., 247 S.W. 314, writ refused.

The oil companies' point Seven relates to the argument of appellees' counsel. We shall not set out the argument nor discuss this point further than to say that such argument, in our opinion, if not of the character presenting reversible error is certainly within the twilight zone, and should not be indulged in. However, we do not think, under the circumstances here, it is of such character as should merit a reversal of the judgment.

Lastly, the oil companies complain of the action of the trial court in failing to render judgment for them over against appellee Gregg-Tex Gasoline Corporation. No error is presented by this point. The jury's verdict based upon ample testimony acquitting Gregg-Tex Gasoline Corporation of any negligence in connection with the death of the three children, entitle it to a judgment, and no reason is shown why we should disturb the judgment as to it.

For the reason indicated in our discussion of the oil companies' First point, the judgment as between the oil companies and Watts and wife will be reversed and remanded, and as to appellee Gregg-Tex Gasoline Corporation the judgment is affirmed.

On Motion for Rehearing.

After further deliberation we have concluded that we were in error in reversing and remanding this cause to the district court, in so far as it affected appellants and appellees Watts and wife, as shown by our opinion dated 31 day of January, 1946. As to these parties, it is our opinion that the judgment of the district court with respect to the recovery by Watts and wife of exemplary damages should be reversed and rendered; and in all other respects the judgment should be affirmed, and it is accordingly so ordered.