G. P. SCOGGINS et ux., Appellants,

v.

SOUTHWESTERN ELECTRIC SERVICE COMPANY et al., Appellees.

No. 394.

Court of Civil Appeals of Texas.

Tyler.

Nov. 14, 1968.

Rehearing Denied Dec. 5, 1968.

Martin Dies, Jr., Lufkin, for appellants.

Rice & Rice, Dallas, Ramey, Brelsford, Flock, Devereux & Hutchins, Jack W. Flock and Michael A. Hatchell, Tyler, for appellee, Southwestern Electric Service Co.

Emerson Stone, Jr., City Atty., Jacksonville, for appellee, City of Jacksonville.

DUNAGAN, Chief Justice.

This is a suit for damages brought by G. P. Scoggins and wife, Alice Jim Scoggins, for the death of Patricia Ann Scoggins, their daughter. Appellants brought this suit under the provisions of Art. 4671, Vernon's Ann.Tex.Civ.St., more commonly known as the Wrongful Death Act. In

their petition, they alleged that their daughter, Patricia Ann Scoggins, age 20, on June 13, 1966, was electrocuted to death when the mast of a sailboat in which she was riding on Lake Jacksonville struck an uninsulated power line owned and maintained by the defendant, Southwestern Electric Service Company. The other defendant is the City of Jacksonville, which built and maintains Lake Jacksonville. In such petition, plaintiffs alleged that each of the defendants, Southwestern Electric Service Company and the City of Jacksonville, was negligent in various respects. And, in addition, plaintiffs alleged that each of such defendants was guilty of gross negligence and prayed for punitive damages.

Each of the appellees excepted to the plaintiffs' (appellants') allegations of gross negligence on the ground that as a matter of law, under Art. 16, Sec. 26 of the Constitution of the State of Texas, Vernon's Ann.St., parents may not recover exemplary or punitive damages for the death of a child.

These exceptions were sustained by the trial court and said cause of action for exemplary damages based upon alleged gross negligence was dismissed. Appellants duly excepted to the court's action and timely gave notice of appeal to this court.

The judgment of the trial court reflects that before a jury was finally impaneled, all parties made known to the court that all matters in controversy herein (save and except plaintiffs' claim for exemplary or punitive damages based upon alleged gross negligence of defendants) had been fully and finally settled and compromised by

agreement submitted to and approved by the court in its judgment.

Appellants by their only point of error assert that the court committed reversible error in holding as a matter of law that under Art. 16, Sec. 26 of the Constitution of the State of Texas, parents are prohibited from bringing a suit for gross negligence and asking for punitive damages for the death of a child.

 Sec. 26 of Art. 16 of the Constitution of the State of Texas reads as follows: "Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide."

The appellants in this case admit that this provision of the Constitution does not grant such a cause of action to parents for the death of a child.

Appellants argue that since the Constitution does not prohibit such a cause of action, that Articles 4673 [1] and 4675,[2] V.T.C.S., do create one for the benefits of parents.

The first case to affirmatively consider the relationship between the Wrongful Death Act and Art. 16, Sec. 26 of the Texas Constitution, is Winnt v. International & G. N. Ry. Co., 74 Tex. 32, 11 S.W. 907, 5 L.R.A. 172 (1889), where the sole surviving parent brought suit under Articles 2899–2903, Texas Revised Civil Statutes,

---

1. "When the death is caused by the wilful act or omission, or gross negligence of the defendant, exemplary as well as actual damages may be recovered. Const. Art. 16, sec. 26."

2. "Actions for damage arising from death shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children, and parents of the person whose death has been

caused or by either of them for the benefit of all. If none of said parties commence such action within three calendar months after the death of the deceased, the executor or administrator of the deceased shall commence and prosecute the action unless requested by all of such parties not to prosecute the same. The amount recovered shall not be liable for the debts of the deceased. Const. Art. 16, sec. 26; * * *."

1879,[3] for the death of her son who was accidentally killed in a collision at defendant's railroad crossing. Affirming the trial court's order sustaining the defendant's special exception to the plea for exemplary damages, the court analyzed the Wrongful Death Act, the Constitution, and the cases construing both of them, and held the rule to be:

"* * * that the right to maintain an action for the recovery of exemplary damages for the death of a person caused by the willful act, omission, or gross neglect of a corporation or company, etc., is confined to the class of persons who, by the terms of the constitution, are designated as entitled to maintain such action; namely, the surviving husband or wife, or heirs of the body, of the deceased, and not to the parent. * * * It being apparent from the allegations of the petition that this suit was brought in the right of the mother as the sole surviving parent of the deceased, and the constitution having declared what class of persons may bring such suit, and she not being one of that class, it was a defect apparent upon the face of the petition, which could be reached by the exception."

Following the lead of the Winnt case, in Gulf C. & S. F. Ry. Co. v. Compton, 75 Tex. 667, 13 S.W. 667 (1890), our Supreme Court held that it was not error to refuse to charge the jury that plaintiff, a sole surviving parent suing under the Wrongful Death Act, could award exemplary damages for the death of her son.

Since the rule was firmly established in *Winnt* and *Compton,* those cases which have considered the problem have consistently denied recovery of exemplary damages by any person other than one specifically designated in Art. 16, Sec. 26, of our State Constitution. For example, in Smith v. Farrington, 8 S.W.2d 317 (Tex.Civ.App., Amarillo, 1928, n. w. h.), a suit for medical malpractice apparently brought under the Wrongful Death Act, defendant's special exception to a plea for exemplary damages was sustained, and such action was upheld on appeal where the court said of Art. 16, Sec. 26, insofar as it related to a suit under the Wrongful Death Act:

"By this article of the Constitution, the recovery of exemplary damages for death is limited to the classes of persons therein specified, and it is held that a parent cannot recover exemplary damages for the death of a child. * * *"

Finally, in Fleming Oil Co. v. Watts, 193 S.W.2d 979 (Tex.Civ.App., Texarkana, 1946, writ ref., n. r. e.), the problem was again considered in detail and the same result reached. The court held:

"This action was brought by appellees, as mother and father, in their own right. Appellees' pleadings as a whole substantiate this fact. Their petition sets out certain acts of misconduct on the part of the oil companies which it is alleged constitute ordinary negligence and gross negligence. It is quite generally the rule that exemplary damages are personal to the injured party and do not survive in favor of the beneficiary. * * *

\* \* \* \* \* \*

"The appellees not being heirs of the body of their three minor children, the above provision of the constitution (Art. 16, Sec. 26) effectively bars their suit for exemplary damages. * * *" See also Houston & T. C. R. Co. v. Baker, 57 Tex. 419.

■ Since the right to recover exemplary damages has generally been considered to be a personal one which abated with the death of the injured party, the recovery of such damages by the injured party's survivor must be expressly created by Constitution or Statute, 22 Am.Jur.2d 705, "Death," § 136 (1965).

■ The provision of the Wrongful Death Act permitting recovery for exemplary damages appeared as Article 2901

---

3. The predecessor Statutes to present Articles 4671–4678, Vernon's Texas Civil Statutes.

when the Legislature passed the Revised Civil Statutes of 1879. Article 2901 read (and now reads as Article 4673, V.T.C.S.): "When the death is caused by the wilful act or omission, or gross negligence of the defendant, exemplary as well as actual damages may be recovered."

If the Legislature intended (which we think it did not) to broaden the class of persons entitled to recover exemplary damages when it included Article 2901 in the Wrongful Death Act, it was without authority to do so. In this jurisdiction, we follow the rule that " * * * where a power is expressly given by the Constitution, and the means by which, or the manner in which it is to be exercised, is prescribed, such means or manner is exclusive of all others. * * *" Houchins v. Plainos, 130 Tex. 413, 110 S.W.2d 549, 553 (1937). Thus, when a right or cause of action is created specifically by the Constitution, the Legislature cannot attempt by statute to enlarge or diminish that right. For good illustration of an application of this rule, see Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799 (1925).

In Morton Salt Co. v. Wells, 123 Tex. 151, 70 S.W.2d 409 (1934) our Supreme Court applied this rule of construction to the constitutional article here under consideration. There it said, of Article 16, Sec. 26: " * * * The cause of action (for exemplary damages) here asserted is one given by the Constitution, and the Legislature was without power to add to or take from the conditions under which, by virtue of the Constitution, it could be maintained, * *."

It has been clearly established by the Supreme Court of this state that a survivor's cause of action for exemplary damages having been established in the superior provisions of the Constitution, the Legislature was without power to enlarge that cause of action in favor of additional beneficiaries. Moreover, Article 4673 only states that exemplary damages " * * may be recovered * * *"; it does not state that such damages may be recovered by persons other than those designated in Article 16, Sec. 26 of the Constitution of Texas. We think the correct interpretation of Article 4673 is that it permits recovery only by the designated beneficiary. Undoubtedly, this is the interpretation of the statute which has been adopted by our Supreme Court and followed by the authorities cited above.

Appellants have not cited any decision of our appellate courts as authority for this court to make such a radical departure from the established authorities herein cited in support of our decision. As a matter of fact, they cite no case authority whatsoever.

In view of the well established rule of law by the Texas Supreme Court governing the question here presented, which is adverse to appellants' contention, the judgment of the trial court is affirmed.